**In re Merton N. THAYER, Verna S. Thayer, Debtors.**

**Bankruptcy No. 83–00138.**

United States Bankruptcy Court, D. Vermont.

Feb. 7, 1985.

See also, Bkrtcy., 38 B.R. 412.

Elizabeth Dennis Anderson, Montpelier, Vt., for Vermont Department of Taxes.

Joseph C. Palmisano, Barre, Vt., trustee, pro se.

W. Edson McKee, Montpelier, Vt., for Merton N. Thayer and Verna S. Thayer.

MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the Court on the Motion of the State of Vermont, Department of Taxes for Relief from Automatic Stay so that it may complete administrative proceedings pending before the Commissioner of Taxes of the State of Vermont to determine the liability of the Debtors for Vermont personal income tax for 1976, 1977 and 1978 and for land gains taxes due in 1974, 1976 and 1977. For some reason or other, this matter has been pending be-

fore the Commissioner of Taxes for at least three or four years without a determination.

On July 6, 1983, Merton N. Thayer and Verna S. Thayer filed a Petition for Relief under Chapter 7 of the Bankruptcy Code, and the State of Vermont is listed as a priority creditor with the amount shown as "unbilled."

In addition to the Motion of the State of Vermont for Relief from Automatic Stay, it did on November 23, 1984 file a Motion in this Court to determine the validity and priority of its claim for taxes.

The parties have submitted memoranda of law in support of their respective claims and the following written Stipulation of the facts has been executed by the Debtors, the State of Vermont, and the Trustee, and they are adopted by this Court:

"1. On August 3, 1979, the Department assessed Vermont land gains tax in the amount of $10,206.09 plus interest in the amount of $3,641.57 and penalty in the amount of $2,551.53, for a total as of that date of $16,399.19, against the Debtors for tax due with respect to transactions occurring in the years 1974, 1976 and 1977. A true copy of the Department's Notice of Assessment is attached to and made a part of this stipulation as Exhibit 1. The Debtors timely appealed the Department's assessment of land gains tax to the Commissioner of Taxes.

"2. On April 15, 1981, the Department assessed Vermont personal income tax in the amount of $12,433.63 plus interest in the amount of $5,999.86, for a total as of that date of $18,433.49, against the Debtors for calendar years 1976, 1977 and 1978. A true copy of the Department's Notice of Assessment is attached to and made a part of this stipulation as Exhibit 2. The Debtors timely appealed the Department's assessment of personal income tax to the Commissioner of Taxes.

"3. Because the Department's land gains and personal income tax assessments against the Debtors involve common questions of law and fact, the Com-

missioner consolidated the actions for a joint hearing. The Debtors' attorney agreed to the consolidation by letter dated June 4, 1981, a true copy of which is attached to and made a part of this stipulation as Exhibit 3.

"4. No administrative hearing has been held on the Debtors' appeals to the Commissioner and no determination of their appeals has been made by the Commissioner. The Department's land gains tax assessment has remained under appeal continuously since August 3, 1979; its personal income tax assessment has remained under appeal continuously since April 15, 1981. A true copy of all correspondence between the Department and the Debtors' attorney, Robert B. Chimileski, relevant to the scheduling of a hearing on the debtors' appeals is attached to and made a part of this Stipulation as Exhibits 4–19.

"5. The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on July 6, 1983.

"6. On July 28, 1983, the Department filed a proof of claim with this Court, stating that the Debtors were as of that date indebted to the Department in the sum of $36,713.77 for 1974, 1976 and 1977 land gains and 1976, 1977 and 1978 income taxes and interest. The Department listed the claim as an unsecured priority claim.

"7. The Debtors have described the Department's land gains and personal income tax assessments as a disputed claim in the amount of $35,000.00.

"8. No offer in compromise was made by the Department of the Debtors within 240 days after the Department's assessment of personal income tax.

"9. The Debtors' Vermont personal income tax returns for calendar years 1976, 1977 and 1978 were each due more than three years prior to the date the Debtors filed their petition for relief.

"10. The Debtors' Vermont land gains tax returns for transactions occurring in 1974, 1976 and 1977 were each due more than three years prior to the

date the Debtors filed their petition for relief.

"11. The Debtors filed Vermont personal income tax returns for the years 1976, 1977 and 1978 more than two years before the date they filed their petition for relief.

"12. The Department does not allege that any of the Debtors' income or land gains tax returns were fraudulent.

"13. The Debtors have never filed a Vermont land gains tax return relating to the sale of land to Gallup on July 23, 1974. The Department assessed tax in the amount of $1,128.70, interest to the date of assessment of $669.32 and a penalty of $282.18 on this transfer. The Debtors filed Vermont land gains tax returns for every other transaction relevant to the Department's assessment more than two years before they filed their petition for relief."

## DISCUSSION

The issue for determination by the Court is whether the taxes assessed by the State of Vermont against the Debtors are dischargeable. § 523(a)(1) excepts from the discharge certain types of taxes which are entitled to priority of payment under § 507(a)(7). The pertinent part of § 507(a)(7) upon which the State of Vermont relies for priority of payment reads as follows:

"(A) a tax on or measured by gross receipts—

... (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(c) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;"

By its stipulation (¶ 2) the State of Vermont has conceded that all the taxes at issue were assessed more than two years prior to the filing of the Debtors' petition.

The administrative sections of the Vermont Statutes with respect to deficiencies and assessments (32 V.S.A. §§ 5881 et seq.), cited by the State, repeatedly use the terms "notice of deficiency" and "assessment" interchangeably and synonymously.

The Court concludes that the notice of deficiency was an assessment under applicable law and that the claim of the State of Vermont for personal income taxes was assessed before the commencement of the case. Therefore, that claim is not entitled to priority by 11 U.S.C. § 507(a)(7)(A)(iii).

The State of Vermont concedes that its claim for land gains tax is not entitled to priority. In addition, the State is not entitled to priority for the reason that land gains tax does not come within the purview of the exceptions to discharge recited under § 523(a)(1)(A), (B), or (C). Since the personal income taxes for 1976, 1977 and 1978 and the land gains taxes due in 1974, 1976, and 1977 are not entitled to priority within the purview of § 506(a)(7), they are not excepted from the discharge.

In sum, they are dischargeable and a Judgment is this day being entered in accordance with this Memorandum Opinion.